cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Xie's argument, the BIA reasonably questioned the reliability of his evidence in light of the adverse credibility determination that was made in his underlying proceedings. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing).

Because the BIA reasonably found that Xie failed to demonstrate a material change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Xie's motion to reopen. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**SUN HOI WONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 08–0145–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

**534**

Donald Paragon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sun Hoi Wong, a native and citizen of the People's Republic of China,

seeks review of the December 17, 2007 order of the BIA denying his motion to reconsider its denial of his appeal from the IJ's denial of his motion to reopen. *In re Sun Hoi Wong,* No. A029 783 680 (B.I.A. Dec. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reopen and reconsider for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Wong's motions.

■ The BIA reasonably found that Wong failed to demonstrate that the BIA made any legal or factual error in denying his untimely motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Jin Ming Liu,* 439 F.3d at 111. Indeed, the BIA did not err in finding that Wong failed to submit sufficient evidence of changed circumstances in China, which was required to succeed on both his family planning and religious claims. 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations); *Jian Hui Shao,* 546 F.3d at 169.

■ We decline to consider Wong's due process arguments as he failed to exhaust them before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).